UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PAT TATE** | **DOCKET NO. 2:25-cv-0336** |
| **REG. # 32215-009** | **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN** |
| **WARDEN MARTINEZ** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court are the original and amended petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Pat Tate. Docs. 1, 4, 5. Tate is an inmate in the custody of the Bureau of Prisons ("BOP"), currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Petitioner is serving a 120-month sentence after a jury returned a verdict of guilty on one count of enticement of a minor in violation of 18 U.S.C. § 2422(b). *See United States v. Tate,* No 4:19-cr-433 (E.D. Ark., Oct. 29, 2019). His projected release date is May 2, 2027. *See* www.bop.gov/inmateloc. Petitioner contends that he "MUST be released on January 27, 2026," yet the BOP has informed him that he will remain incarcerated until April 2026. Doc. 5, p. 2. Moreover, "they are denying any halfway house due to alleged bed unavailability." *Id*. Petitioner challenges the U.S. Department of Justice and the BOP's interpretation of 18 U.S.C. § 3632(c), to

the extent that it finds that his place of confinement falls within the discretion of the BOP. Doc. 4, p. 2. Petitioner argues that in light of the provisons set forth in 18 U.S.C. § 3632, and the fact that he has earned ETC's, § 3632(d) provides that the Director of the BOP shall transfer him into prelease custody or supervised release. Doc. 5, p. 6.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. See Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id*. at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id*. at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

In order for relief to be granted under 28 U.S.C. § 2241, Tate must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2244(c)(3). It is well settled that "[a] necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (citing 28 U.S.C. § 2241).

Contrary to Petitioner's conetention, a federal prisoner does not have "a constitutional right to be housed in a particular place or any constitutional right to early release." *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 740 (5th Cir. 2020). A federal prisoner's place of confinement is solely within the discretion of the BOP. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973).

The BOP—not the courts—has the statutory authority to "designate the place of a prisoner's imprisonment." 18 U.S.C. § 3621(b); *see also United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020) (per curiam) ("The [BOP] has the sole authority to designate a prisoner's place of incarceration.") (citing § 3621(b); *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993)). The BOP's "designation of a place of imprisonment ... is not reviewable by any court." 18 U.S.C. § 3621(b).

"The term 'imprisonment' refers to any type of custody, including custody in a [community] correctional facility or home confinement program." *Moresco v. United States*, 982 F.2d 529 (10th Cir. 1992) (citing 18 U.S.C. § 3624(c)); *United States v. Jalili,* 925 F.2d 889, 894 (6th Cir. 1991); *United States v. Dragna,* 746 F.2d 457, 458 (9th Cir.1984); *but see Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 U.S. Dist. LEXIS 22361, 2007 WL 942091, at *7 (N.D. Tex. Mar. 28, 2007) ("Although [18 U.S.C. § 3621(b)] the statute does not define 'penal or correctional facility,' no one disputes that a RRC or halfway house qualifies. Conversely, home confinement would certainly not qualify."). Consequently, 18 U.S.C. § 3621(b) gives primary authority to the executive branch over any petition pertaining to a prisoner's place of confinement. *See Jalili*, 925 F.2d at 892; *Dragna*, 746 F.2d at 458.

Therefore, the Court finds it is without authority to order Tate's placement in home confinement. *See United States v. Abdulqader*, No. 20-10891, 2021 U.S. App. LEXIS 37939, 2021

WL 6102210, at *2 (5th Cir. Dec. 22, 2021) (per curiam) ("This court cannot directly order [prisoner] to serve out the remainder of his term in home confinement.") (citing *United States v. Sneed,* 63 F.3d 381, 388 n.6 (5th Cir. 1995)); see also *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period.").

### III.
#### CONCLUSION

Tate fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly,

**IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers at Lake Charles, Louisiana, this 21st day of August, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE